# RESCRIPT OPINIONS.

JAMES D. COLT & another,[1] trustees,[2] *vs.* JAMES D. COLT & another,[3] trustees,[4] & others.[5] November 7, 2002. *Trust,* Reformation, Mistake. *Taxation,* Estate tax.

The plaintiffs, trustees under an indenture of trust created by Julia Lyman Bigelow, commenced this action in the county court seeking declaratory relief and reformation of the trust instrument to correct three alleged scrivener's errors. The trust beneficiaries have all agreed to the necessary facts and assented to the relief requested. A single justice reported the case to the full court without decision.

*Facts.* Julia Lyman Bigelow died on April 14, 1993. Under the terms of her trust, a portion known as the "Generation-Skipping Transfer Tax Exemption Portion" was established and funded with $1 million, the maximum personal generation skipping transfer (GST) tax exemption allowed under the Internal Revenue Code. 26 U.S.C. § 2631 (2000). This portion provides for the mandatory payment of income and the discretionary distribution of principal to the settlor's husband throughout his lifetime. The settlor's husband survived her. On his death, however, paragraph fifth of the trust provides for distribution of the portion to the trustees of her husband's own, separate trust so that it may be added to a family trust.[6]

The trustees have requested a declaration that paragraph fifth contains three scrivener's errors, and they also seek an order reforming the trust to correct those alleged errors. First, the trustees seek to insert "October 28, 1988," in

---

[1] Edward L. Bigelow, Jr.

[2] Under an indenture of trust created by Julia Lyman Bigelow.

[3] Edward L. Bigelow, Jr.

[4] Under an indenture of trust created by Edward L. Bigelow, Jr.

[5] Edward L. Bigelow, Jr.; Edward L. Bigelow, Third; Rose Lee Bensen; and Henry Forbes Bigelow, Second.

[6] The language of paragraph fifth, which contains the alleged scrivener's errors, is as follows:

> "Upon the death of my said husband . . . the trustees shall distribute the property held hereunder to the then trustees of a certain indenture of trust created by my said husband dated July 29, 1983, as amended in the entirety by instrument dated [*sic*] and as it may be further amended, of which my said husband and James D. Colt are the original trustees, to be added to the Bigelow Family Trust under Paragraph FIFTH of said indenture, as amended, to be thereafter held and dealt with as an integral part thereof."

the blank space following the words "indenture of trust created by my said husband dated July 29, 1983, as amended in the entirety by instrument dated."[7] Second, they seek to strike the phrases "and as it may be further amended" and "as amended," which refer to the husband's trust.[8] Third, they seek to replace the word "FIFTH" with "SIXTH" in the phrase "the Bigelow Family Trust under Paragraph FIFTH of said indenture."[9]

*Discussion.* A trust instrument may be reformed under Massachusetts law where it fails to conform to the settlor's intent because of scrivener's error. *Walker* v. *Walker*, 433 Mass. 581, 587 (2001), and cases cited. After a thorough review of the record, we conclude that the first and third alleged scrivener's errors, described in paragraphs nine and thirteen of the plaintiffs' complaint, respectively, clearly fail to conform to the settlor's intent. Thus, those reforms should be allowed as a matter of Massachusetts law. Our review of the record also satisfies us that the second alleged scrivener's error, described in paragraphs ten through twelve in the plaintiffs' complaint, fails to conform to the settlor's intent. It is clear that the settlor did not intend to grant her husband a general power of appointment over the GST tax-exempt portion; thus, "the proper response here is to eliminate the power of appointment." *Shawmut Bank, N.A.* v. *Buckley*, 422 Mass. 706, 714 (1996). Accordingly, any language that contemplates future amendments to the husband's trust should be struck so that it is clear that the GST tax-exempt portion will pass according to the terms established on October 28, 1988. These reforms are minimal.

*Conclusion.* We remand this case to the county court for entry of a judgment consistent with this opinion.

*So ordered.*

The case was submitted on briefs.

*Deborah S. Kay* for the plaintiffs.

---

[7]It is undisputed that October 28, 1988, was the date on which the husband's trust was amended in its entirety, the same date on which the settlor's trust was also amended in its entirety.

[8]The plaintiffs assert that these words provide an unintended power of appointment by allowing the husband to amend his trust to provide for distribution of the GST tax-exempt portion in some other manner.

[9]Paragraph sixth of the husband's trust establishes the family trust.